IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| MICHAEL HAAS, | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No. | 15-cv-3469 |
| | ) | | |
| CITY OF CHICAGO, | ) | | |
| CHICAGO POLICE OFFICERS | ) | | |
| JENNIFER D. GHOSTON (Star #5017), | ) | | |
| THOMAS J. MARSHALL (Star #19568), | ) | | |
| JOHNNIE MINTER-EDWARDS (Star #21161), | ) | | |
| MICHAEL P. DOUGHERTY (Star #1635), | ) | | |
| DEBTRA DANIEL (Star #13352), | ) | | |
| SHANNON JASICA (Star #2200), | ) | | |
| DERRICK SMITH (Star #8537), | ) | | |
| ARTHUR R. DAVIS, and CHICACGO POLICE | ) | | |
| OFFICERS UNKNOWN AT THIS TIME, | ) | | |
| Defendants. | ) | Jury Trial Demanded | |

**Complaint**

NOW COMES Plaintiff, MICHAEL HAAS ("Haas" or "Plaintiff"), by his attorneys James Murphy-Aguilu and Timothy J. Fiscella, and complaining of Defendants', CITY OF CHICAGO, CITY OF CHICAGO POLICE OFFICERS JENNIFER D. GHOSTON (Star #5017), THOMAS J. MARSHALL (Star #19568), JOHNNIE MINTER-EDWARDS (Star #21161), MICHAEL P. DOUGHERTY (Star #1635), DEBTRA DANIEL (Star #13352), SHANNON JASICA (Star #2200), DERRICK SMITH (Star #8537), ARTHUR R. DAVIS[1], and CHICAGO POLICE OFFICERS UNKNOWN AT THIS TIME (referred to collectively as "Defendants"), violations of his constitutional rights, 42 U.S.C. § 1983, and related state law claims, and states as follows:

---

[1] Star number unknown at this time for Detective Davis.

**Introduction**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction powers.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

**Parties**

4. Plaintiff, Michael Haas, is a resident of Cook County, within the Northern District of Illinois, Eastern Division. At the time of his arrest, Plaintiff was employed as a firefighter and emergency medical technician ("EMT") with the Merrionette Park Fire Department as well as an Emergency Department Technician with South Suburban Hospital in Hazel Crest, Illinois.

5. On information and belief, all Defendant Officers are and were at the time of the events complained of herein employed by the City of Chicago as Police Officers.

6. City of Chicago is a municipal corporation within the Northern District of Illinois.

7. At all times material to this Complaint, the Defendant Officers were acting under color of state law, ordinance, and/or regulation, statutes, custom, and usage of City of Chicago.

**Background**

8. On June 13, 2013 Michael Haas, Marvin Buhle (a fellow Merrionette Park firefighter), and several other individuals attending a gathering at a residence located in the 3900 Block of West 109th Street in Chicago, Illinois.

9. According to the complaining witness' boyfriend, at some point in the evening he observed Buhle on top of his unconscious girlfriend in a bedroom located on the first floor of the residence.

10. No witness, including the complaining witness, reported seeing Plaintiff touch or come into contact with her during this purported assault.

11. Similarly, no witness or forensic evidence placed Plaintiff in the bedroom where the assault occurred.

12. Plaintiff was alleged to have acted as a lookout despite no substantive evidence that he was aware of, participated in, or otherwise had any knowledge of the alleged assault.

13. After the police arrived at the residence, Plaintiff was taken back to the Area 2 Police Station where he answered numerous questions and continually explained to Defendants that he had absolutely no knowledge of or participation in the alleged crime.

14. Plaintiff was eventually released but was again questioned by Defendants and other members of the Chicago Police Department the following day.

15. During these rounds of questioning, Plaintiff was prodded to provide information implicating Buhle in the offense but he was unable to do so since he no knowledge of what happened during the alleged encounter between the two.

16. Eventually, Plaintiff's counsel arrived at the police station and informed Defendants that his client was not going to continue answering questions.

17. Shortly thereafter, wholly lacking in probable cause, Plaintiff was placed under arrest for attempted criminal sexual abuse.

18. Plaintiff's arrest garnered media attention locally and nationally. His picture appeared along numerous articles with a description of the charges levied against him.

19. On May 21, 2014, after more than 11 months defending himself from these allegations, all charges against Plaintiff were dismissed by the Cook County State's Attorney's Office.

### Count I
### 42 U.S.C. § 1983: False Arrest

20. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

21. As described in the preceding paragraphs, the Defendant Officers unlawfully detained and falsely arrested Plaintiff without legal justification or probable cause.

22. Plaintiff was in no way involved in the purported criminal offense(s) and Defendant Officers were fully aware of that fact and still continued to effectuate the arrest and detention of Plaintiff for that charge.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

25. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, Plaintiff has suffered injury, including emotional distress.

### Count II
### 42 U.S.C. § 1983: Conspiracy to Commit Constitutional Violations

26. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

27. As discussed in greater detail above and below, the Defendant Officers conspired with each other to cause damage to the Plaintiff by:

    a. Agreeing to generate reports and other documents which omitted material facts relating to the investigation and containing patent falsities;

    b. Agreeing to effectuate the arrest and continue the criminal proceedings against Plaintiff, knowing such proceedings were initiated and continued without probable cause;

    c. Agreeing not to generate reports documenting their conduct to cover-up their own and each other's misconduct in initiating these false charges; and

    d. Agreeing to putatively and falsely charge Plaintiff because: (i) he would not and was unable to provide them with information implicating Buhle in the offense; and (ii) and for invoking his right to counsel and to remain silent after already answering several rounds of questions.

28. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant injury and emotional distress resulting therefrom.

**Count III**
**42 U.S.C. § 1983: Failure to Intervene**

29. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

30. As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above.

31. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

32. The Defendants' actions were undertaken intentionally with malice and reckless indifference to Plaintiff's rights.

33. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count IV
### State Law Claim: Malicious Prosecution

34. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

35. As described more fully above, the Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Officers knew there was no probable cause, and the criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

36. The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to the rights of others, specifically, as to the Plaintiff.

37. The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

38. Statements and reports of the Defendant Officers regarding Plaintiff's alleged criminal culpability were made with knowledge that the statements were false and perjured.

39. As a result of the Defendant Officers' malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injury, including emotional distress.

## Count V
### 42 U.S.C. 1983: Due Process

40. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

41. In the manner described more fully above, Defendant Officers deprived Plaintiffs of Due Process in violation of the 14th Amendment to the United States Constitution.

42. Defendant Officers' actions set forth above were so arbitrary as to shock the conscience.

43. Such violations of Plaintiff's rights were undertaken intentionally, with malice and willful indifference to Plaintiff's rights.

44. As a result of the above-described wrongful conduct, Plaintiff has suffered pain and injury, as well as emotional distress.

45. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

46. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## Count VI
### State Law Claim: Intentional Infliction of Emotional Distress

47. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

48. In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct, including arresting Plaintiff without anything resembling probable cause and for purposes other than the administration of justice.

49. The Defendants intended that their conduct would cause severe emotional distress to the Plaintiff and knew that there was a high probability that their conduct would cause severe emotional distress to the Plaintiff.

50. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

51. As a proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to severe emotional distress.

## Count VII
### State Law Claim: *Respondeat Superior*

52. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

53. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

54. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count VIII
### State Law Claim: Indemnification

55. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

56. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

57. The Defendant Officers are employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, MICHAEL HAAS, respectfully request that this Court enter judgment in his favor and against Defendants, CITY OF CHICAGO, and CITY OF CHICAGO POLICE OFFICERS JENNIFER D. GHOSTON (Star #5017), THOMAS J. MARSHALL (Star #19568), JOHNNIE MINTER-EDWARDS (Star #21161), MICHAEL DOUGHERTY (Star #1635), DEBTRA DANIEL (Star #13352), SHANNON JASICA (Star #2200), DERRICK SMITH (Star #8537), ARTHUR R. DAVIS, and CHICAGO POLICE OFFICERS UNKNOWN AT THIS TIME, awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacity, as well as any other relief this Court deems just and appropriate.

**Jury Demand**

Plaintiff, MICHAEL HAAS, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

>Respectfully Submitted,
>
>*/s/ James Murphy-Aguilu*
>James Murphy-Aguilu
>Attorney for Plaintiff
>1739 South Halsted
>Chicago, Illinois 60608
>773-808-3569
>
>
>*/s/ Timothy J. Fiscella*
>Timothy J. Fiscella
>Attorney for Plaintiff
>Law Office of Timothy J. Fiscella
>53 West Jackson, Suite 1750
>Chicago, Illinois 60604
>312-546-4885